**Opinion filed October 22, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00027-CR

_____

## RICHARD WILLIAM MILLER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 396th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 1106380D**

### M E M O R A N D U M   O P I N I O N

The jury convicted Richard William Miller, upon his pleas of guilty, of three counts of aggravated robbery with a firearm and assessed his punishment at confinement for thirty years for each offense. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response

to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant contends that the doctrine of double jeopardy prevented the three count indictment for offenses occurring in one criminal transaction, that his trial counsel provided ineffective assistance by allowing appellant to enter a guilty plea, and that the pretrial photo identification procedure was impermissibly suggestive. The Texas Court of Criminal Appeals stated in *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and, therefore, the appeal should be dismissed or whether arguable grounds exist and, therefore, new counsel should be appointed. We have complied with the requirements in *Bledsoe* and have found no reversible error.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

October 22, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.